STATE EX REL KIST *v.* RANDOLPH CIRCUIT COURT

[No. 27,445.  Filed December 2, 1940.  Rehearing denied December 23, 1940.]

*David A. Myers,* of Greensburg; *Chattin & Wise,* of Union City; and *R. D. Wheat* and *Albert A. Abromson,* both of Portland, for relators.

*William H. Eichhorn,* of Bluffton; *Robert L. Smith* and *Frank B. Jaqua,* both of Portland; *George H. Koons,* of Muncie; and *Richard L. Ewbank,* of Indianapolis, for respondents.

FANSLER, J.—This is an original action seeking a writ of prohibition. The pleadings are long and complicated. The facts set out involve lengthy litigation between the parties.

It is alleged in the petition that there is a question of jurisdiction between the Randolph Circuit Court and the Blackford Circuit Court over control of the assets of the Sun Publishing Company, a corporation. Upon the filing of the petition, a temporary writ of prohibition issued, enjoining the respondents from proceeding further in matters relating to the relators' rights as stockholders in the Sun Publishing Company, and in any matters affecting the moneys or property of that company, and from issuing any orders that would interfere with the rights of the receiver of that company, appointed by the Blackford Circuit Court, to the possession of the property of the Sun Publishing Company, or in the operation and conduct of the business of that company, "until the question of jurisdiction between the Randolph Circuit Court and the Black-

ford Circuit Court over the physical assets of the Sun Publishing Company is determined."

It does not appear from the record before us that the respondents are threatening or contemplating interference in any way with the possession of the property of the Sun Publishing Company by the receiver appointed by the Blackford Circuit Court. It does appear that the relators are within the jurisdiction of the respondent court in cause No. 1217, which has been long pending, and that the question of the rights of the relators as stockholders in the Sun Publishing Company is involved in that case. It further appears that the respondents are about to render a decision coercing the relators to procure the dismissal of the cause pending in the Blackford Circuit Court in which a receiver pendente lite has been appointed, upon the ground that the action was brought for the purpose of defeating the judgment of the Randolph Circuit Court theretofore entered in the cause in which the orders are about to be made.

The jurisdiction of a court of equity to restrain persons within its jurisdiction from prosecuting actions in other courts that will interfere with its jurisdiction is well settled. This jurisdiction is exercised not because of any claim of right to interfere with, or control the course of, proceedings in other tribunals, but upon the theory that, having jurisdiction of the persons of those involved; it may compel them to do or to refrain from doing whatever the equities of the case and the protection of its jurisdiction may require. 14 American Jurisprudence, § 255, § 256, p. 449 to p. 452.

It is asserted in the petition that the respondents are about to decide that the acts of the relators and

their privies in issuing stock and holding a meeting and electing officers of the Sun Publishing Company are void, and that this identical question was decided to the contrary by the Blackford Circuit Court, which then had jurisdiction of the parties and the subject-matter. But if this is true, it does not follow that the Randolph Circuit Court is without jurisdiction. *Res judicata* is a defense, which the relators might have set up in the Randolph Circuit Court, and if it is set up as a defense, and the Randolph Circuit Court erroneously decides the question thus presented, the remedy of the relators is by appeal.

We find nothing in the record indicating an intention or purpose on the part of the respondents to interfere with the jurisdiction of the Blackford Circuit Court.

All that respondents are proposing to do is to enjoin the relators from further prosecuting their action in the Blackford Circuit Court. A court of general jurisdiction has undoubted power to do this in a proper case. Whether the facts justify such action is a question which will only be passed upon on appeal.

The temporary writ of prohibition is dissolved and a permanent writ denied.

NOTE.—Reported in 29 N. E. (2d) 989.