Michael Wayne **PERKINSON, Appellant (Intervening Defendant Below), Commissioner of the Bureau of Motor Vehicles, Charles R. Littleton, Director of Safety Responsibility and Driver Improvement, Horace P. Richey,**

v.

Mary Nina **WOODY, Appellee.**

No. 479S91.

Supreme Court of Indiana.

May 13, 1981.

Robert E. Stewart, Guido & Stewart, Danville, for appellant.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, Malcolm H. Aukerman, Don R. Darnell, Newport, C. Rex Henthron, Crawfordsville, for appellees.

GIVAN, Chief Justice.

This case is transferred from the Court of Appeals on the basis that it involves a substantial question of law of great public importance.

The record discloses the following facts. As a result of injuries growing out of an automobile accident, appellee obtained judgment against Perkinson and Richey. Subsequently, the Bureau of Motor Vehicles suspended the driving privileges of Perkinson and Richey. Perkinson filed a Voluntary Petition for Discharge in Bankruptcy in the Indianapolis Division Bankruptcy Court and was subsequently discharged in bankruptcy. A permanent stay order was issued by the Federal Bankruptcy Court staying the collection of Woody's judgment.

The Bureau of Motor Vehicles later revoked the suspension of the driving privileges of Perkinson and Richey. Appellee Woody then filed her complaint in the instant cause of action against the Commissioner of the Bureau of Motor Vehicles and Charles R. Littleton, Director of Safety Responsibility and Driver Improvement. Appellee requested the Marion Circuit Court to set aside the order of the Commission which had reinstated the driving privileges of Perkinson.

The Marion Circuit Court ordered the Bureau of Motor Vehicles to reinstate the suspension of Perkinson's driving privileges. Thereafter, Perkinson filed his motion to intervene as a defendant.

After a hearing, the Court ordered the Commissioner to suspend Perkinson's operator's license, registration certificate and registration of plates pursuant to the Acts of 1947, Chapter 159, § 9, I.C. 9–2–1–11 [Burns 1976]. Perkinson now appeals from that ruling.

Under I.C. 9–2–1–6 [Burns 1976], the Commissioner of the Bureau of Motor Vehicles:

"shall ... suspend the operator's ... license and any and all of the registration

certificates and registration plates issued to any person upon receiving authenticated report as hereinafter provided that such person has failed for a period of thirty [30] days to satisfy any judgment in amounts and upon a cause of action as herein stated."

This statute provides for reinstatement privileges upon two conditions: (1) a showing that the judgment has been either satisfied or stayed; and (2) proof given by the judgment debtor of his financial responsibility in the future. I.C. 9–2–1–11 [Burns 1976].

Appellant argues that the trial court erred in its determination that he had not complied with these reinstatement provisions. We agree. Appellant presented evidence showing that the tort judgment against him had been stayed by order of the Bankruptcy Court and that he had been discharged from the judgment debt. He also presented evidence indicating that he had obtained automobile liability insurance.

The trial court, however, relied upon subsection (c) of the act which provides that "[a] discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this chapter." The trial court judge specifically held that the discharge in bankruptcy did not relieve Perkinson from his liability under the judgment. It did not relieve the Commissioner of the Bureau of Motor Vehicles from compliance with the statute.

We hold that subsection (c) of the Act is unconstitutional in that it violates the Supremacy Clause of the United States Constitution.

*Perez v. Campbell*, (1971) 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 is directly in point. In *Perez*, the United States Supreme Court struck down an Arizona statute which was, in effect, essentially identical to the one which Perkinson challenges in the instant case. It is clear that the Indiana statute, like the Arizona statute in *Perez*, was designed to protect persons using the highways "from financial hardship which may result from the use of automobiles by financially irresponsible persons." *Perez, supra,* at 644, 91 S.Ct. at 1708. It is also clear that " '[o]ne of the primary purposes of the bankruptcy act' is to give debtors 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.' " *Perez, supra,* at 648, 91 S.Ct. at 1710.

We hold that the Indiana statute which denies the effect of a discharge in bankruptcy is indeed contrary to the purpose of the Federal Bankruptcy Act. Clearly, the statute "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" and, as such, is unconstitutional. *Hines v. Davidowitz,* (1941) 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581. We note that the District Court of Indiana, Northern District, has already declared this portion of the Indiana statute invalid. *High v. Root,* (1971), N.D.Ind., 29 Ind.Dec. 394.

We, therefore, hold that Perkinson has complied with the reinstatement requirement insofar as the judgment has been stayed, and he has provided proof of future financial responsibility in the form of automobile liability insurance. Hence, the order of the Bureau of Motor Vehicles reinstating the driving privileges of Perkinson was correct. The trial court's order setting aside this reinstatement was erroneous.

The trial court is reversed and this cause is remanded with instructions to enter judgment in accordance with this opinion.

All Justices concur.