22876

In The Matter of: Bonnie CARROLL, Executive Director, South Carolina State Board of Examiners for Nursing Home Administrators, Appellant v. Rayshaw L. GADDY, Respondent.

(368 S. E. (2d) 909)

Supreme Court

*T. Travis Medlock, Atty Gen., C. Harvird Jones, Jr.* and *Jane McCue Johnson, Asst. Attys. Gen.,* Columbia, *for appellant.*

*D. M. McEachin, Jr.,* Florence, *for respondent.*

Heard March 22, 1988.

Decided May 23, 1988.

TOAL, Justice:

The State Board of Examiners for Nursing Home Administrators appeals the Circuit Court's reversal of the Board's revocation of the nursing home administrator's license of the respondent, Rayshaw L. Gaddy. We affirm the decision of the trial judge.

Mr. Gaddy is the licensed nursing home administrator of Faith Health Care Center, Inc., a nursing home in Florence, South Carolina. Faith Center's patients are all medicare/medicaid recipients. It has no private pay patients. Prior to the initiation by the appellant Board of Nursing Home Administrators of an action to revoke Mr. Gaddy's license, the South Carolina Department of Health and Environmental Control (DHEC) conducted a series of inspections of the Faith Center. DHEC has the responsibility of inspecting nursing homes in connection with medicare/medicaid certification. The actual certification is the responsibility of the State Health and Human Services Finance Commission and the U.S. Health Care Finance Administration (HCFA). DHEC performs inspections for these agencies and makes recommendations regarding medicare/medicaid certification to the state and federal agencies above described.

DHEC's inspections of the Faith Center spanned a period from November, 1984 through January, 1986. It issued several statements of deficiencies and plans of correction. Mr. Gaddy cooperated fully with the DHEC inspectors and as of January, 1986 all deficiencies had either been corrected or were in the process of correction.

In January of 1986, DHEC recommended to HCFA, the federal medicare/medicaid certifying agency, that Faith Center be decertified. HCFA declined to revoke Faith Center's medicare/medicaid license. Subsequently, the appellant Board of Nursing Home Administrators initiated the instant action by filing a complaint against Mr. Gaddy in which it sought to revoke his license as a nursing home administrator. The appellant Board's complaint was based on the above-described investigations by DHEC and no independent or supplemental investigation was done by the Board at any time.

The Board conducted a hearing on July 31, 1986 and on October 16, 1986, issued its order revoking Mr. Gaddy's license. The Board concluded that Mr. Gaddy had violated

the S. C. Code Ann. § 40-35-130(a) and (b), and Board Regulation 93-220 based upon its finding that Mr. Gaddy was unfit and incompetent in the performance of his duties, and that he willfully and repeatedly acted in a manner inconsistent with the heath and safety of patients in the nursing home.

The Circuit Court reviewed the record pursuant to the terms of the Administrative Procedures Act, S. C. Code Ann. § 1-23-380 (1986) and reversed the decision of the Board, holding that the record did not contain substantial evidence to support the Board's decision to revoke Appellant's license.

Substantial evidence under § 1-23-380(g)(5), Code of Laws of South Carolina, 1976, is neither a mere scintilla of evidence nor evidence viewed blindly from one side of a case, but rather is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Port Oil Co. v. Allen*, 286 S. C. 286, 332 S. E. (2d) 787 (Ct. App. 1985). See also, *S. C. Dept. of Mental Retardation v. Glenn*, 291 S. C. 279, 353 S. E. (2d) 284 (1987). This Court cannot substitute its judgment for that of an administrative agency when the agency's factual findings are supported by substantial evidence, even though reasonable men might draw two inconsistent conclusions from the evidence presented. *Lark v. Bi-Lo, Inc.* 276 S. C. 130, 276 S. E. (2d) 304, 307 (1981).

The difficulty with the appellant's administrative decision to revoke Mr. Gaddy's license is that there is no evidence in the record to support the Board's finding that Mr. Gaddy was incompetent, unfit and willfully neglectful of the health and safety of his patients. To the contrary, the two principal witnesses for the Board, both DHEC investigators, testified that Mr. Gaddy fully cooperated with the DHEC inspectors and corrected deficiencies promptly. The entire proceeding before the appellant Board was simply a rehash of a failed disciplinary proceeding against the nursing home before another administrative agency. The administrative power to regulate carries with it the duty to exercise regulatory authority fairly. Regrettably, the appellant Board did not meet that standard here. This Court finds that the record, considered as a whole, does not contain substantial evidence to support the Board's decision to revoke Mr. Gaddy's nursing

home administrator's license. Therefore, this Court affirms the trial court's decision, and orders that Mr. Gaddy's license be reinstated.

Affirmed.

GREGORY, C. J., HARWELL and FINNEY, JJ., and J. B. NESS, Acting Associate Justice, concur.