23298

PEE DEE NURSING HOME, INC., t/a Faith Nursing Home, Appellant v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION, Respondent.

(399 S.E. (2d) 777)

Supreme Court

*Charles B. Baxley* of *Baxley, Pratt & Wells, P.A.*, Lugoff, *for appellant.*

*Staff Atty. H. Williams Funderburk, Jr.,* of the *South Carolina Employment Sec. Com'n*, Columbia, *for respondent.*

Heard Oct. 5, 1990.

Decided Dec. 10, 1990.

FINNEY, Justice:

Appellant Pee Dee Nursing Home, Inc. (Pee Dee) appeals a circuit court order affirming a decision by the respondent, South Carolina Employment Security Commission (Commission), to assign Pee Dee the same unemployment insurance contribution rating as its predecessor in business. We affirm.

Faith Nursing Home was operated by V & M Corporation (V & M) from 1957 to 1978. In 1978 CSFR Corporation (CSFR) began operating the nursing home pursuant to a ten-year lease with V & M. Upon termination of CSFR's lease in 1987, Pee Dee was formed for the purpose of operating the facility. Pursuant to a determination that Pee Dee had acquired substantially all of CSFR's business, the Commission assigned Pee Dee the same unemployment insurance contribution rate previously assigned to CSFR, which was based upon CSFR's employment record. Pee Dee appealed the Commission's ruling to the circuit court. The circuit court upheld the Commission's decision, finding that it was supported by substantial evidence.

Pee Dee now appeals the order of the circuit court on the grounds that the circuit judge erred in the following particulars:

> 1) In finding that Pee Dee acquired substantially all of CSFR's business;
> 2) In finding that respondent's interpretation of S.C. Code Ann. § 41-31-100 (1986) creating a classification based upon the particular circumstances of a taxpayer was not violative of the equal protection clauses of the South Carolina and United States Constitutions; and
> 3) In holding that section 41-31-100 does not violate the equal protection clauses of the state and federal constitutions by taxing employers pursuant to a classification based on whether business is conducted from a "special use" or general purpose building formerly occupied by another business.

Respondent argues that it is the continuation of a business which triggers application of the statute, not the mere acquisition of assets. Further, respondent contends its interpretation and application of section 41-31-100 meet the equal protection requirements of the constitution in that the three constitutional requisites are satisfied.[1]

The standard for appellate review of administrative decisions is whether such decisions are supported by substantial evidence. S.C. Code Ann. § 1-23-380(g)(5) (1986).

> Substantial evidence is not a mere scintilla of evidence or evidence totally viewed from one side of the case, but evidence that would allow reasonable minds to reach the conclusion the administrative agency reached. *Carroll v. Gaddy*, 295 S.C. 426, 368 S.E. (2d) 909 (1988).

Section 41-31-100 provides:

> Any person or other legal entity who acquires by purchase, merger, consolidation, devise, inheritance or other means substantially all of the business of any employer and continues such acquired business shall be deemed to be a successor to the predecessor from whom such business was acquired for the purpose of this article and, if not already an employer prior to such acquisition, shall become an employer on the date of such acquisition and shall succeed to the employment benefit experience record of the predecessor. . . . "substantially all" shall be deemed to mean ninety-five percent or more of the business as determined by the Commission in a particular case.

The factors considered in determining whether a successor has acquired substantially all of a predecessor's business are (1) place of business; (2) staff of employees; (3) customers; (4) good will; (5) trade name; (6) stock in trade; (7) accounts receivable; (8) the tools and fixtures; and (9) other costs. *Riteway Oil & Gas Company, Inc. v. Iowa Department of Job Service*, 423 N.W. (2d) 550 (Iowa 1988).

---

[1] A tax classification must bear a reasonable relationship to the legislative purpose, must treat similarly situated members of the class alike, and must rest on a reasonable basis. *Robinson v. Richland County Council*, 293 S.C. 27, 358 S.E. (2d) 392 (1987).

The record shows that Pee Dee continued uninterrupted the patient-care operation from the prior employer's place of business, initially retained more than 95% of CSFR's employees, all of CSFR's patients, patient records, its trade name, inventory and equipment. Hence, we find that there was substantial evidence to support the circuit court's ruling.

Next, appellant argues that section 41-31-100 is unconstitutional as interpreted and applied by the Commission in creating an irrational classification. We disagree.

In *Pickelsimer v. Pratt, et al.*, 198 S.C. 225, 17 S.E. (2d) 524 (1941), this Court upheld the constitutionality of section 41-31-100, ruling that the act was "reasonable and fair." Further, we determined that the classification of employers according to their experience records is consistent with the statute's purpose of encouraging stability of employment and reducing unemployment. *Id.* 17 S.E. (2d) at 527. Therefore, we find that appellant's classification in the present case is a rational one and bears a reasonable relationship to the legislative purpose.

Appellant's final argument is that respondent's application of section 41-31-100 creates an irrational classification based on whether an employer commences business in a "special use" building. The circuit court found that this argument was without merit. We agree. The fact that the appellant's business is located in a "special" or "limited use" building was only one of several factors considered by the circuit court in determining whether there was a transfer of business. We hold that whether or not the building is of "special" or "general" use is an appropriate factor to be considered in classifying a succeeding business conducted from the same site.

This Court concludes that the Commission's findings were supported by substantial evidence, and that its interpretation and application of section 41-31-100 were in compliance with the state and federal constitutions. For the foregoing reasons, we affirm the ruling of the circuit court which upheld the findings of the Commission.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.