**Bill J. CARPENTER and Ann C. Carpenter, Appellants,**

v.

**FARM CREDIT SERVICES OF MID–AMERICA, ACA, Appellees.**

No. 56S05–9509–CV–1024.

Supreme Court of Indiana.

Sept. 1, 1995.

Jerald I. Ancel, Gregory J. Seketa, Sommer & Barnard, P.C., Indianapolis, for appellants.

Jere L. Humphrey, Mark E. Wagner, Kizer & Neu, Plymouth, for appellees.

ON PETITION TO TRANSFER

DeBRULER, Justice.

This case comes to us on a petition to transfer. Ind.Appellate Rule 11(B). The Court of Appeals issued an order dismissing the appeal on the basis that appellants' bankruptcy filing had mooted their appeal. Appellants Bill J. Carpenter and the Estate of Ann C. Carpenter[1] present an issue of first impression for this Court: whether the filing of bankruptcy in the federal system moots an appeal in a state court action on a debt, where the appeal is sought by the debtor.

On March 4, 1983, Carpenter Farms, Inc. ("CFI") and the Carpenters executed and delivered to Appellee Farm Credit Services of Mid–America ("FCS") a promissory note secured by a mortgage against real property contributed to CFI by the Carpenters. CFI defaulted on its obligations and filed for bankruptcy under Chapter 12 of the Bankruptcy Code.

On June 18, 1990, FCS filed suit against the Carpenters in order to collect $353,961.23 under the promissory note plus interest and attorney fees. The trial court entered judgment for FCS in the sum of $1,029,085.14. The Carpenters initiated this appeal from that judgment and later, on February 3, 1993, during the pendency of the appeal, filed their joint bankruptcy petition.

On September 27, 1993, the Court of Appeals responded to a Motion to Dismiss or Affirm filed by FCS by ordering the Carpenters to show cause why their appeal should not be dismissed. On November 29, 1993, the Carpenters' special counsel[2] entered

---

1. Appellant Ann C. Carpenter died on September 16, 1993, after the trial and bankruptcy filing but before the Court of Appeals dismissed the appeal. A motion to substitute her estate as a proper party was filed on November 29, 1993. Ind.Appellate Rule 15(I); Ind. Trial Rule 25(A). Appellant Bill J. Carpenter is the personal representative of that estate.

2. The bankruptcy court in which the Carpenters' petition is pending specifically approved the engagement of counsel to prosecute the appeal. Even if this Court were to conclude that the stay applied to an appeal by the debtor, this approval by the bankruptcy court would seem to constitute *de facto* relief from, by modification of, the stay. *See* 11 U.S.C. § 362(d).

their appearance and filed a Response to the Order to Show Cause. On May 26, 1994, an order issued from the Court of Appeals characterized the filing of bankruptcy as an election of remedies and dismissed the Carpenters' appeal.

### Discussion and Decision

 This case serves to remind this Court why bankruptcy proceedings are perceived as the most serious cause of tensions between the state and federal courts. American Bankruptcy Institute, *Bankruptcy Issues for State Trial Court Judges 1993,* Foreword (quoting William Rehnquist, Chief Justice of the United States). The financial health of the citizenry is no less a concern for states than for the federal government, yet in the bankruptcy context federal decision-making is always dispositive. *See, e.g., Perkinson v. Woody* (1981), Ind., 419 N.E.2d 1306. This is as it should be, but it is a natural source of friction between the two systems.[3]

 In this case, our Court of Appeals properly recognized the supremacy of the federal courts in matters related to bankruptcy proceedings. However, the relief granted was unwarranted. The fact that federal bankruptcy law may render a debt uncollectable does not resolve the state law issue of the existence of that debt. The federal interest is primary, paramount, and preeminent, but that does not mandate that the state interest disappear. *See Ocean Cape Hotel Corp. v. Masefield Corp.* 164 A.2d 607, 63 N.J.Super. 369 (1960) (adjudication of bankruptcy and appointment of trustee do not deprive bankrupt of right to continue prosecution of action).

 When a party files a bankruptcy petition the purpose is clear: relief from the immediate and pressing burdens of excessive debt. It is an obvious concession that one's current financial situation is not all that it could be and that one needs assistance. The automatic stay that accompanies bankruptcy proceedings is a necessary and intended source of relaxation for the debtor, not for the creditor. Congress described it thus:

> The automatic stay is one of the fundamental *debtor* protections provided in the bankruptcy laws. It gives the *debtor* a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. *It permits the debtor* to attempt a repayment or reorganization plan, or simply *to be relieved of the financial pressures* that drove him into bankruptcy.

H.R.Rep. 95–595, 95th Cong., 1st Session 340 (1977) (emphasis added). The debtor is the intended beneficiary of the relief provided. *See In re Stringer,* 847 F.2d 549 (9th Cir. 1988) (exemptions to stay should be read narrowly to secure broad grant of relief to debtor).[4]

In this case the Court of Appeals decided that the automatic stay contained in the Bankruptcy Code[5] applied to this appeal. The Court of Appeals apparently also concluded that appellants' filing for bankruptcy mooted their appeal and dismissed it. While deference here to the federal law is warranted, an order of dismissal is clearly excessive in these circumstances.

 There is a split in the federal courts of appeals regarding this issue. *Compare In re Odd Lyngholm,* 24 F.3d 89 (10th Cir.1994) with *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446 (3rd Cir.1982). We prefer the approach of the Tenth Circuit:

> Finally, Rule 6009, along with Code Section 362 itself, makes it clear that the automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue to pursue litigation without

---

3. The English bankruptcy system consisted of "laws calculated for the benefit of trade, and founded on the principles of humanity and justice." William Blackstone, *Commentaries on the Laws of England 2,* *472. No doubt the differing understandings of these interests, and differing weights given them, account for much of the disagreement between, and within, state and federal courts.

4. This stay can be contrasted with removal to the federal court, where the case is actually litigated in the federal court and the state court completely loses jurisdiction. *See, e.g.,* 28 U.S.C. § 1443(2).

5. 11 U.S.C. § 362.

leave of court (or release of stay under section 362).

*Lyngholm,* 24 F.3d at 92 (quoting R. Glen Ayres et al., *Collier on Bankruptcy* 1/26009.03, at 6009–3 (Lawrence P. King ed. 1994)).[6] Dismissing this appeal does nothing to further "the policy behind the [Bankruptcy Code], which is to protect the bankrupt's estate from being eaten away by creditor's lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors." *Martin–Trigona v. Champion Federal Savings and Loan Association,* 892 F.2d 575, 577 (7th Cir.1989).

Before the Carpenters can reorganize their finances they must have a clear picture of their financial situation. Without an appeal they will simply be stuck with the resolution of issues imposed upon them by the judgment of the trial court.[7] We agree with the position taken by the Supreme Court of South Carolina in similar circumstances:

> The purpose of the automatic stay is to give the debtor a 'breathing spell' and to allow for the orderly administration of the estate. It also serves to protect the creditors.... [T]he language of § 362(a)(1) provides for a stay of an action *against the debtor....* In its present posture, this is not an action against the debtor and therefore there is no automatic stay.

*Carroll v. Gaddy,* 295 S.C. 426, 368 S.E.2d 909 (1988) (citations omitted). We think it best that appellants be able to properly resolve their liability on the note, a matter of state law, in order to facilitate more accurate bankruptcy proceedings.

### Conclusion

■ We hold that the mere filing of a petition in bankruptcy does not moot a debtor's appeal from a trial court judgment on the debt. Accordingly, transfer is granted, the dismissal order of the Court of Appeals is vacated, and we remand this case to the Court of Appeals for further consistent proceedings.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

6. It is clear that the bankruptcy filing delays any action to enforce a judgment resulting from this litigation.

7. It appears that the bankruptcy court is constrained by the doctrine of *res judicata. See In re Freese,* 119 B.R. 1019 (Bankr.N.D.Iowa 1990).

Such constraint entails that the dismissal of the Carpenters' appeal could violate their rights under the Indiana Constitution. Ind. Const. art. 7, § 6 (Supreme Court rules must provide absolute right to one appeal).