Julie D. MARCHAND, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Spencer County Ambulance Service, Inc., Appellees.

No. 93A02–0808–EX–685.

Court of Appeals of Indiana.

April 9, 2009.

Publication Ordered May 6, 2009.

Mark K. Phillips, Boonville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Julie D. Marchand appeals the decision of the Review Board of the Indiana Department of Workforce Development (the "Review Board") denying her claim for unemployment benefits.

We dismiss.

### ISSUES

Marchand raises the following issue: Whether the Review Board properly determined that she was terminated for just cause.

The Review Board raises the following dispositive issue: Whether Marchand's appeal should be dismissed for failure to file a timely notice of appeal.

### FACTS

Marchand was employed by Spencer County Ambulance Service, Inc. ("Spencer") as an advanced emergency medical technician ("EMT"). As an advanced EMT, Marchand was required to work under a doctor's medical license. She therefore worked under the license of Spencer's medical director, Dr. Ted Troyer.

At some point, Marchand had been prescribed Xyrem[1] to treat a sleeping disorder. In June of 2007, she went to her brother's house to help take care of his two children. She intended to spend the night and therefore prepared two doses of Xyrem, placing them in a bottle labeled "Xyrem." When she arrived at her brother's house, she placed the bottle containing the Xyrem in a hutch. That same day, her brother received an eviction notice. She allowed her brother and his children to move into her home while his neighbors arranged to store his furniture, including the hutch.

In August of 2007, the neighbor who had taken the hutch discovered the bottle containing Xyrem. She knew that the medicine belonged to Marchand and that it was used to treat a sleeping disorder as she had been told the same after Marchand's brother had ingested some of it two months before. Feeling despondent, the neighbor ingested the Xyrem. She later was transported to the emergency room, where she was treated by Dr. Troyer, who also served as an emergency room physician.

Upon investigation, Dr. Troyer discovered that the Xyrem taken by the neighbor belonged to Marchand. He then refused to allow Marchand to continue working under his medical license. Spencer therefore terminated her on August 8, 2008.

On October 2, 2007, the Indiana Department of Workforce Development (the "IDWD") determined that Marchand was terminated "due to a work-related breach

---

1. Xyrem's active ingredient is sodium oxybate, commonly known as gamma hydroxybutyrate or GHB. *http://www.fda.gov/CDER/drug/infopage/xyrem/default.htm* (last visited Mar. 13, 2009). Xyrem is a Schedule III controlled substance. *See* Ind.Code § 35–48–2–8.

of duty." (Marchand's App. 1). Thus, it suspended her unemployment benefits.

On October 15, 2007, Marchand, apparently proceeding pro se, filed an appeal of the IDWD's determination. On January 22, 2008, the IDWD held an evidentiary hearing, with an Administrative Law Judge ("ALJ") presiding. The ALJ affirmed the IDWD's determination on January 29, 2008.

On or about February 14, 2008, Marchand appealed the ALJ's decision to the Review Board and requested that it consider additional evidence.[2] The Review Board declined to accept additional evidence, and on March 17, 2008, it adopted the ALJ's findings of fact and conclusions of law, which read as follows:

> *FINDINGS OF FACT:* The claimant worked with this employer from approximately 1993 until August 8, 2007. The claimant was last employed as an Advanced [EMT]. The claimant was discharged because the employer's Medical Director declined to allow the claimant to continue working under his medical license.
>
> The [ALJ] finds that Advanced [EMTs] were required to work under the license of the Medical Director of the employer's ambulance service. The employer's Medical Director declined to allow the claimant to continue working under his medical license due to the careless handling of her own personal medication. The [ALJ] finds that the claimant had been prescribed a rare and highly regulated medication. Patients prescribed such medication were required to sign documents ensuring that such medi-

cation would be kept in a secure manner. Part of the claimant's job duties involved working with various medications kept in the employer's ambulance and the homes of patients served by the employer.

> The [ALJ] finds that the claimant mixed two doses of her medication and took them with her to the home of her brother because she planned to spend the night at his home helping care for his children. The claimant placed the doses of medication in a hutch in the living room area of her brother's residence. The claimant forgot about the doses of medication and left them in the hutch. The furniture and claimant's medication contained therein subsequently came into the possession of her brother's neighbor. Such individual thereafter consumed the claimant's medication during a suicide attempt. The employer's Medical Director served as an emergency room physician and became aware of the situation when he treated the individual who had consumed the claimant's medication. The employer's Medical Director lost confidence in the claimant due to her careless handling of her own highly regulated medication.

> *CONCLUSIONS OF LAW:* In matters involving discharge, the burden of proof is on the employer to show that the separation was for just cause. In defining discharge for just cause, [Indiana Code section 22–4–15–1] includes the breach of a duty reasonably owed to an employer by an employee. An employee owes a reasonable duty to an employer to maintain all necessary licenses or oth-

**2.** The Review Board received Marchand's faxed appeal along with a cover sheet indicating that it had been faxed from her counsel's office. Thus, it appears that Marchand had, by this time, obtained counsel. Nonetheless, even if she had proceeded pro se, she would

be "held to the same rules of procedure as trained legal counsel. . . ." *Peters v. Perry,* 873 N.E.2d 676, 678 (Ind.Ct.App.2007), *reh'g granted on other grounds,* 877 N.E.2d 498 (Ind.Ct.App.2007).

er credentials necessary in order for the individual to perform the duties of her position.

The [ALJ] concludes that the claimant breached a duty owed to the employer in this instance when she lost the permission to continue to working [sic] under the license of the employer's Medical Director. The claimant was held to a higher standard with regard to maintaining custody and control over regulated medications due to the nature of her position. The claimant lost her authorization due to demonstrated carelessness and/or negligence of such responsibility. Although such action occurred outside of work, the claimant's actions directly reflected on her ability to do her job in a responsible manner. The employer has carried its burden of proof in this matter. For the above-stated reasons, the [ALJ] concludes that the claimant was discharged for just cause within the meaning of Chapter 15, Section 1 of the Indiana Employment and Training Services Act.

(Marchand's App. 4–5) (internal citations omitted). Accordingly, the Review Board affirmed the ALJ's decision. The proceeding facts were undisputed.

Marchand filed her notice of appeal in July of 2008. The docket of the Clerk of this Court showed that she filed her notice of appeal on July 29, 2008. Accordingly, on November 5, 2008, this Court entered a show-cause order, ordering Marchand to show cause as to why her appeal should not be dismissed due to the apparent failure to file a timely notice of appeal as she was appealing a final order issued on March 17, 2008.

Marchand filed her response to the show cause order on December 1, 2008. She attached to her response a certified copy of the chronological case summary, indicating that the Review Board mailed its final decision on March 17, 2008. She also attached to her response a copy of the envelope containing the Review Board's decision. The envelope was postmarked June 27, 2008. According to Marchand, she received the decision on June 28, 2008.

The Review Board filed its response on December 4, 2008, asserting that it mailed its decision to Marchand on March 17, 2008; Marchand telephoned the Review Board on June 26, 2008, and requested that a copy of the Review Board's final decision be mailed to her; and the Review Board mailed a copy of the final decision to her on June 27, 2008. The Review Board asserted that Marchand's appeal should be dismissed due to her failure to file a timely notice of appeal.

On January 22, 2009, this Court found and ordered that Marchand had shown cause why her appeal should not be dismissed. It therefore discharged its order of November 5, 2008.

## DECISION

■ The Review Board asserts that Marchand's appeal should be dismissed for failure to file at timely notice of appeal.[3] Marchand counters that although the Review Board made its decision on March 17, 2008, she timely filed her notice of appeal as she did not receive the Review Board's decision until June 28, 2008.

■ "The timely filing of a notice of appeal is a jurisdictional prerequisite, and

**3.** We initially note that our motions panel found that Marchand had shown cause as to why her appeal should not be dismissed for failure to file a timely notice of appeal. It is well-established, however, that where there is clear authority that the motions panel erred as a matter of law, we may reconsider its ruling. *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind.Ct.App.2006), *trans. denied.*

failure to conform to the applicable time limits results in forfeiture of an appeal." *Trinity Baptist Church v. Howard,* 869 N.E.2d 1225, 1227 (Ind.Ct.App.2007), *trans. denied.* Indiana Appellate Rule 9(A)(3) provides:

> A judicial review proceeding taken directly to the Court of Appeals from an order, ruling, or decision of an Administrative Agency is commenced by filing a Notice of Appeal with the Administrative Agency within thirty (30) days after the date of the order, ruling or decision, notwithstanding any statute to the contrary.

"Thus, the procedure prescribed by Rule 9 for appealing an administrative agency decision is the filing of a notice of appeal with the administrative agency *within thirty days of the date of the decision.*" *Owen County ex rel. Owen County Bd. of Comm'rs v. Indiana Dep't of Workforce Dev.,* 861 N.E.2d 1282, 1287 (Ind.Ct.App. 2007) (emphasis added).

Our review of the record establishes that the Review Board entered its final decision on March 17, 2008. Therefore, the time for filing a timely notice of appeal expired on April 16, 2008. *See id.* Furthermore, it is uncontested that the Review Board mailed its decision to Marchand's last known address on March 17, 2008. Marchand, however, did not file her notice of appeal until July 29, 2008.

Because Marchand did not file a timely notice of appeal, she has forfeited her right to appeal. *See* Ind. Appellate Rule 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited . . . ."). We therefore dismiss this appeal.

Dismissed.

BAILEY, J., and ROBB, J., concur.

*ORDER*

On April 9, 2009, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee Review Board of the Indiana Department of Workforce Development ("Review Board"), by counsel, has filed a Motion to Publish by Appellee Review Board.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion to Publish by Appellee Review Board is GRANTED, and this Court's opinion handed down in this cause on April 9, 2009, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

DARDEN, BAILEY, and ROBB, JJ., concur.