ATTORNEYS FOR APPELLANT
Michael D. Head
James Geiger
Matthew Conrad
Geiger Conrad & Head
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Jonathan L. Mayes
Alexander Will
Nicole R. Kelsey
Office of Corporation Counsel
Indianapolis, Indiana

FILED
Sep 22 2010, 10:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1009-CV-509

ROSALYN WEST,

*Appellant (Plaintiff below),*

v.

BETTY WADLINGTON, JEANETTE LARKINS,
CITY OF INDIANAPOLIS D/B/A INDIANAPOLIS
METROPOLITAN POLICE DEPARTMENT,

*Appellees (Defendants below).*

Appeal from the Marion Superior Court, No. 49D06-0803-CT-010163
The Honorable Thomas J. Carroll, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0809-CV-849

**September 22, 2010**

**Rucker, Justice.**

In this opinion we determine that a trial court with general jurisdiction to adjudicate claims of defamation and invasion of privacy is not ousted of jurisdiction merely because a religious defense to the claims is asserted.

**Facts and Procedural History**

In October 2007, Rosalyn West was a member of the Mt. Olive Missionary Baptist Church, chair of the Church's Christian Education Committee, and a member of the Church's Pastoral Search Committee. Betty Wadlington and Jeanette Larkins were also church members, and Larkins belonged to the Church's Women of Faith Group. On October 14, 2007, Wadlington sent an email message to Larkins and two other individuals informing them of an attached memo she previously had sent to the Church's Board of Deacons and Board of Trustees. These boards oversee Church organization and decide its religious, doctrinal, and political matters, including whether individuals may serve on various Church committees. Wadlington's memo urged the Deacons and Trustees that West must be "dealt with" by being removed from positions on the Education and Search Committees. Appellant's App. at 14. Among other things the memo alleged that West was a "one woman wrecking crew" and "anything but Christ-like." Id. The memo alleged that West "set up" a former pastor and "provoked" him into certain behavior that led to his dismissal, and that she "had to know that if she 'attacked' his child and wife that he was going to respond – which was exactly what she was hoping for. She accomplished her mission[.]" Id. The memo also alleged that West screamed at an elderly Church member and characterized West as vindictive, possessing an "evil spirit," and warned that "the Holy Spirit is not the spirit that is guiding her thoughts, words and deeds." Id.

Larkins is employed as an officer with the Indianapolis Metropolitan Police Department and received Wadlington's email message at Larkins' work email address which has the domain @indygov.org. Using her work email account, Larkins forwarded the message to eighty-nine other email addresses.

On February 29, 2008, West filed a complaint against Wadlington, Larkins, and the City of Indianapolis as Larkins' employer ("Defendants") on theories of defamation and invasion of

2

privacy. Larkins and the City filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(1) for lack of subject matter jurisdiction. They argued that under the First and Fourteenth Amendments to the United States Constitution any adjudication of West's complaint would require excessive entanglement in the Church's politics and doctrine. Attached as an exhibit was an affidavit from Larkins. The trial court granted the motion and dismissed the complaint with prejudice as to all Defendants. On review, addressing the merits of Defendants' excessive entanglement claim, the Court of Appeals reversed the judgment of the trial court. West v. Wadlington, 908 N.E.2d 1157 (Ind. Ct. App. 2009). We now grant transfer thereby vacating the opinion of the Court of Appeals. See Ind. App. R. 58(A). And although we also reverse the judgment of the trial court, we do not reach the parties' constitutional arguments.

**Discussion**

The Defendants sought dismissal of West's complaint for "lack of jurisdiction over the subject matter" under Indiana Trial Rule 12(B)(1). However, in Brazauskas v. Fort Wayne-South Bend Diocese, Inc., 796 N.E.2d 286 (Ind. 2003) – a case involving the dismissal of a former pastoral employee of the diocese and a claim that the First Amendment Free Exercise Clause shielded the employer's action – we addressed the appropriate procedure for seeking dismissal of a suit by asserting a Free Exercise Clause defense. Citing with approval the approach taken by the Tenth Circuit Court of Appeals, see Bryce v. Episcopal Church, 289 F.3d 648, 654 (10th Cir. 2002) (treating a church's defense to claim of sexual harassment as a Rule 12(B)(6) motion to dismiss) and the New Jersey Supreme Court, see McKelvey v. Pierce, 800 A.2d 840, 844 (2002) (noting that a church's motion for judgment on the pleadings effectively became a motion for summary judgment), this Court held, "the trial court erred in concluding that it lacked jurisdiction over this matter. A court with general authority to hear matters like employment disputes is not ousted of subject matter or personal jurisdiction because the defendant pleads a religious defense. Rather, pleading an affirmative defense like the Free Exercise Clause *may under certain facts* entitle a party to summary judgment." Brazauskas, 796 N.E.2d at 290 (emphasis added). We then proceeded to review the case using the standard applicable to summary judgment because the trial court did not exclude matters outside the pleadings. See Ind. Trial Rule 12(B) (If "matters outside the pleading are presented to and not

3

excluded by the court, [a motion to dismiss asserting failure to state a claim upon which relief can be granted] shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

Brazauskas guides our determination of the case before us. Just as with a claim concerning employment disputes, a court with authority to hear claims concerning defamation and invasion of privacy disputes is not ousted of subject matter jurisdiction merely because the defendant pleads a religious defense. The Marion Superior Court has the general authority to hear matters such as West's claims for defamation and invasion of privacy. See Ind. Code § 33-33-49-9 (providing that the Marion Superior Court has "[c]oncurrent and coextensive jurisdiction with the Marion circuit court in all cases and upon all subject matters . . . ."); Ind. Code § 33-28-1-2 (providing generally that circuit courts have original jurisdiction in "all civil cases and in all criminal cases[.]"). Here the Defendants' "religious defense" did not oust the trial court of its subject matter jurisdiction. Brazauskas, 796 N.E.2d at 290. Thus the trial court erred in dismissing West's complaint on this ground.

Unlike Brazauskas however, this case is not ripe for adjudication employing a summary judgment standard of review. When a Trial Rule 12(B)(6) motion is treated as a motion for summary judgment, the court must grant the parties a reasonable opportunity to present summary judgment materials. See Ind. Trial R. 12(B) ("In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); Azhar v. Town of Fishers, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001) ("Where a trial court treats a motion to dismiss as one for summary judgment, the court must grant the parties a reasonable opportunity to present T.R. 56 materials."). In this case even though a matter outside the pleading – the Larkins affidavit – was presented to and apparently not excluded by the trial court, there is nothing before us suggesting the trial court treated this matter as a motion for summary judgment. And thus there is nothing before us to suggest the trial court afforded the parties an opportunity to present Rule 56 materials in support of or in opposition to summary judgment. Instead, because the parties treated the Defendants' motion as one to dismiss for lack of subject matter jurisdiction, the trial court ruled accordingly. As noted above this was error. And on this ground we reverse the judgment of the trial court.

4

## Conclusion

The judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.