**Eric D. SMITH, Appellant,**

v.

**Steve EULER, Melvin Brooks, Marty Sexton, and Jason Jacob, Appellees.**

No. 46D03–1001–CT–21.

Supreme Court of Indiana.

Sept. 12, 2011.

*ORDER DENYING TRANSFER*

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals. The submitted record on appeal, all briefs that were filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Being duly advised, the Court now DENIES the petition to transfer jurisdiction.

The Clerk is directed to send a copy of this order to counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes of this Court's decisions.

SHEPARD, C.J., and RUCKER and DAVID, JJ., concur.

SULLIVAN, J., dissents with separate opinion, in which DICKSON, J., concurs.

SULLIVAN, Justice, dissenting.

Mr. Smith is a frequent litigant. I have written in another case of the deleterious effects on the administration of justice of such litigiousness. *Smith v. Ind. Dep't of Corr.,* 883 N.E.2d 802, 811–12 (Ind.2008) (Sullivan, J., dissenting). But as that very case reminds us, Mr. Smith does possess certain constitutional rights, one of which—the "absolute right to one appeal" provided by Article 7, Section 6, of the Indiana Constitution—has in my view been violated here.

Mr. Smith's lawsuit in this case was dismissed by the trial court on grounds of res judicata. He appealed. The Court of Appeals then responded by issuing an order for Mr. Smith to show cause why the appeal should not be dismissed on grounds of res judicata. I believe that this was improper.

An appellate court typically issues an order to show cause why an appeal should not be dismissed when there is a question as to its jurisdiction to hear the appeal. *Cf. Claywell v. Ind. Dep't of Emp't & Training Servs. Review Bd.,* 643 N.E.2d 330, 330 (Ind.1994) ("perfecting a timely appeal [is] a jurisdictional matter"); *Bacon v. Bacon,* 877 N.E.2d 801, 804 (Ind.Ct.App. 2007) ("The Indiana Court of Appeals has jurisdiction in all appeals from final judgments." (citing Ind. Appellate Rule 5(A))), *trans. denied.* Thus, perhaps the most common use of such an order is when it appears to the court on appeal that one or more of the mandatory requirements of the Rules of Appellate Procedure have not been complied with, *see, e.g., Marchand v. Ind. Dep't of Workforce Dev. Review Bd.,* 905 N.E.2d 435, 438 (Ind.Ct.App.2009) (issuing order to show cause why appeal should not be dismissed due to failure to file timely notice of appeal), or that the appeal is not from a final judgment, *Bacon,* 877 N.E.2d at 803. Another is when

it appears to the court on appeal that the proceeding below adjudicated an unauthorized petition for post-conviction relief. *Members v. State,* 851 N.E.2d 979, 981 n. 2 (Ind.Ct.App.2006).

But, to repeat, such orders typically express the court's concern that it does not have jurisdiction to hear the appeal. Res judicata, however, is a substantive defense, not a matter of jurisdiction. *State ex rel. Kist v. Randolph Circuit Court,* 218 Ind. 40, 42–43, 29 N.E.2d 989, 990 (1940); *see also Runkle v. Runkle,* 916 N.E.2d 184, 189 (Ind.Ct.App.2009) (distinguishing res judicata from subject matter jurisdiction), *trans. denied; cf. West v. Wadlington,* 933 N.E.2d 1274, 1276–77 (Ind.2010) (religious defense is not a matter of jurisdiction); *Kozlowski v. Dordieski,* 849 N.E.2d 535, 537 (Ind.2006) (affirmative defense that the same action is pending in another state court is not a matter of jurisdiction). Mr. Smith was entitled to challenge the substantive determination of the trial court that his claims were barred by the substantive defense of res judicata, and his constitutional right to an appeal entitled him to an answer. *Cf. Carpenter v. Farm Credit Servs. of Mid–Am.,* 654 N.E.2d 1125, 1126–27, 1128 n. 7 (Ind.1995) (order to show cause why appeal should not be dismissed and subsequent dismissal of appeal as moot could violate the constitutional right to one appeal). In my view, this is no different than a trial court dismissing a tort claim on, say, statute-of-limitations grounds. The plaintiff in such a situation would be entitled to appellate review of that dismissal; the court on appeal would not first issue an order to show cause as to why the appeal should not be dismissed on grounds of statute of limitations.

Indeed, the Court of Appeals frequently reviews claims of res judicata. *See, e.g., Kalwitz v. Kalwitz,* 934 N.E.2d 741, 750–52 (Ind.Ct.App.2010); *Runkle,* 916 N.E.2d at 190–91; *Zaremba v. Nevarez,* 898 N.E.2d 459, 463 (Ind.Ct.App.2008); *Indianapolis Downs, LLC v. Herr,* 834 N.E.2d 699, 703–05 (Ind.Ct.App.2005), *trans. denied.* In none of these cases is there even the slightest suggestion that a meritorious res judicata defense warranted dismissal of the appeal.

I would grant transfer and remand this case to the Court of Appeals for consideration of Mr. Smith's appeal on the merits unless, of course, Mr. Smith is guilty of abusing the appellate process to an extent warranting dismissal.

DICKSON, J., concurs.