Loretta M. RAUSCH, Appellant–
Plaintiff,

v.

Christopher L. FINNEY and
D. Shurlow Trucking, Inc.,
Appellees–Defendants.

No. 66A03–0504–CV–164.

Court of Appeals of Indiana.

May 26, 2005.

Transfer Denied Aug. 25, 2005.

*ORDER*

The Appellant, by counsel, has filed a Motion to Clarify Appellate Court Jurisdiction and/or Accept Jurisdiction of Interlocutory Appeal. The Appellees, by counsel, have filed a Response.

Appellant Rausch was in an automobile collision in 2001 with a truck driven by Appellee Finney, an employee of Appellee Shurlow Trucking. In June of 2003, Rausch sued Finney and Shurlow Trucking, and she responded to several requests from the Appellees for medical records. However, Rausch refused later requests for medical records that, according to Rausch, deal with medical conditions that arose after the accident and have no relation to her claim against Finney and Shurlow Trucking. Thus, Finney and Shurlow Trucking filed a Motion to Compel. The trial court heard the motion, and on February 25, 2005, it ordered Rausch to execute a release of some of the records sought by Finney and Shurlow Trucking. It also decided that some of the other medical records should be subjected to an *in camera* inspection. Though dated February 25, 2005, the order was actually entered on March 29, 2005. The trial court also certified its ruling for immediate appellate review on March 29, 2005. *See* Ind. Appellate Rule 14(B).

Rausch contends that the portion of the trial court's order directing her to execute a release of her medical records is appealable by right under Appellate Rule 14(A)(2). That rule allows appeals by right of interlocutory orders "to compel the execution of any document."

Rausch acknowledges the Court has held that a discovery order requiring a party to execute a medical release was not appealable by right. *See Cua v. Morrison,* 600 N.E.2d 951, 953–54 (Ind.Ct.App.1992), *trans. denied.* She contends, however, that when the Indiana Supreme Court adopted the new version of the Appellate Rules in 2001, it overruled *Cua.* She correctly observes that when *Cua* was decided, a party could bring an interlocutory appeal by right under former Appellate Rule 4(B)(1) of an order "to compel the execution of any instrument of writing," but the Appellate Rules promulgated in 2001 allow a party to bring an interlocu-

tory appeal by right of an order "to compel the execution of any document." She claims this revision overrules *Cua.* Therefore, she claims the trial court's granting of Finney and Shurlow Trucking's Motion to Compel is appealable by right under Appellate Rule 14(A)(2).

Rausch, however, also sought certification under Appellate Rule 14(B) "in an abundance of caution," if the Court finds that the trial court's order is not appealable by right under Appellate Rule 14(B).

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1) The portion of the trial court's order that required Rausch to execute a release of her medical records is not appealable by right under Appellate Rule 14(A)(2). The revisions of former Appellate Rule 4(B)(1) found in Appellate Rule 14(A)(2) do not overrule *Cua;* thus, a discovery order requiring a party to execute a medical release is still not appealable by right. *See Cua,* 600 N.E.2d at 953–54. Therefore, Rausch's Motion to Clarify Appellate Court Jurisdiction is DENIED. Further, to the extent Rausch has initiated an appeal by right under Appellate Rule 14(A)(2), the appeal is DISMISSED.

2) Nonetheless, Rausch's motion in the alternative, her Verified Motion to Accept Jurisdiction of Interlocutory Appeal, is properly before the Court. However, the information provided to the court by the parties does not make the showing required for discretionary interlocutory review under Appellate Rule 14(B). Therefore the Verified Motion to Accept Jurisdiction of Interlocutory Appeal is DENIED.

MATHIAS, BARNES, J.J., GARRARD, Sr.J., concur.