Deborah BACON, Appellant–Respondent,

v.

**Jeffrey BACON, Appellee–Petitioner.**

No. 02A05–0703–CV–160.

Court of Appeals of Indiana.

Nov. 16, 2007.

Rehearing Denied Jan. 28, 2008.

---

Stephen P. Rothberg, Fort Wayne, IN, Attorney for Appellant.

James P. Fenton, Eilbacher Fletcher, LLP, Brian J. T'Kindt, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Deborah Bacon asserts that she is appealing from a January 31, 2007, trial court order appointing a parenting coordinator for her and her former husband, Jeffrey Bacon. She raises two issues for our review: whether the trial court had the authority to unilaterally appoint a parenting coordinator; and whether the trial court's appointment of a parenting coordinator without providing notice or a hearing was a violation of Deborah's due process rights. Concluding that the order appointing a parenting coordinator is not a final judgment; that the order is not an interlocutory order appealable by right; and that Deborah did not take the steps required to have the order certified for interlocutory appeal, we dismiss.

### Facts and Procedural History

Deborah and Jeffrey were divorced on December 20, 2002, and Deborah was awarded custody of their only child. As part of the decree of dissolution, the trial court appointed Melissa Lowe to act as the court's parenting time coordinator.

Because of continuing visitation issues, the parties filed various motions in the months following the decree. In October 2003, Jeffrey filed a petition to define the decree, appoint a guardian ad litem, and extend visitation. An emergency hearing on Jeffrey's petition was set, but continued

at least once.[1] In June 2004, Jeffrey filed a motion for psychological evaluation. Deborah responded by filing a motion for a protective order. On August 2, 2004, the trial court entered the following order:

The Court, having taken [Jeffrey's] Petition to Define Previously–Issued Decree, for Appointment of Guardian ad Litem and for Extension of Visitation (filed October 22, 2003), [Jeffrey's] Motion for Psychological Evaluation and/or Examination (filed June 18, 2004) and [Deborah's] Motion for Protective Order (filed June 28, 2004) under advisement, now enters the following orders:

(1) [Jeffrey's] Petition to Define Previously–Issued Decree, for Appointment of Guardian ad Litem and for Extension of Visitation (filed October 22, 2003) is granted in part and denied in part as follows: (a) Dr. Melissa Lowe is formally released as Parenting Time Coordinator. (b) [Jeffrey's] parenting time shall be two hours per week as previously arranged with CASA. (c) [Jeffrey] shall be permitted to bring one family member (parents or siblings) with him for each parenting time session per CASA policy .... (f) A status hearing on the matters of [Jeffrey's] parenting time (including possible extension/modification) and compliance with the Family Connections program is now scheduled for January 24, 2005 at 9:30 a.m. (g) [Jeffrey's] request for the appointment of a Guardian ad Litem is denied.

(2) [Jeffrey's] Motion for Psychological Evaluation and/or Examination (filed June 18, 2004) is denied as [Deborah's] Motion for Protective Order (filed June 28, 2004) is granted.

Appellant's Appendix at 56–57. The status hearing at which Jeffrey's request for extension or modification of visitation was to be considered was continued twice, and it does not appear that the matter was ever considered again.

In July 2005, Jeffrey filed a renewed motion for psychological evaluation in which he noted that the status hearing regarding his request for extended or modified visitation remained at issue. Deborah again responded by filing a motion for protective order. On April 18, 2006, the trial court entered an order denying both Jeffrey's motion for psychological evaluation and Deborah's motion for protective order. The order also appointed Tara Porter as parenting coordinator and requested that the parties submit a stipulation specifying the parenting coordinator's duties within thirty days. Jeffrey submitted the requested stipulation but Deborah did not. On January 31, 2007, the trial court entered an order setting forth the parenting coordinator's role and authority.[2] Deborah filed a notice of appeal on February 7, 2007.

## Discussion and Decision

On appeal, Deborah raises the following issues: whether the trial court's unilateral appointment of a parenting coordinator exceeded its statutory authority, and whether the trial court's appointment of a parenting coordinator without providing notice or a hearing was a violation of due process. After reviewing the parties' briefs, this court issued an order on August 16, 2007, ordering Deborah to show cause as to why her appeal should not be dismissed because it appeared that she was not appealing from a final judgment.

---

1. It is unclear from the record whether a hearing was ever held on this petition.

2. The January 31, 2007, order was actually the third such order entered by the trial court.

The previous two were vacated and replaced for various reasons. The three orders are essentially the same in substance, however.

Deborah filed a response in which she noted that the trial court's January 31, 2007, order "apparently disposes of all pending claims of the parties." To the extent it is not a final, appealable order, Deborah contends it is appealable pursuant to both Indiana Appellate Rule 14(A)(1), because the order requires Deborah to pay one-half of the parenting coordinator's fees and expenses, and Appellate Rule 14(A)(2), because the order requires Deborah to sign release of information forms giving the parenting coordinator authority to obtain all pertinent records.[3]

The Indiana Court of Appeals has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). A "final judgment" is one which "disposes of all claims as to all parties...." App. R. 2(H)(1). A final judgment disposes of all issues as to all parties, thereby ending the particular case and leaving nothing for future determination. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind.2003). Whether an order is a final judgment governs our subject matter jurisdiction, and it can be raised at any time by any party or by the court itself. *Id.*

The trial court's January 31, 2007, order neither disposes of any claims between the parties nor ends the case. The matter at issue between the parties regards an extension or modification of Jeffrey's visitation. Although the appointment of a parenting time coordinator may facilitate a decision regarding visitation, it does not dispose of it. *Cf. Thompson v. Thompson*, 259 Ind. 266, 269, 286 N.E.2d 657, 659 (1972) ("Hearings were held on all of these issues, and judgments were rendered which decided all of these issues. No further trial court action was contemplated in the judgments.... After these judgments

were rendered there was nothing left pending in the trial courts.").

As the trial court's order was not final, Deborah cannot appeal unless the order is an appealable interlocutory order. An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy. *Krieg v. Glassburn*, 419 N.E.2d 1015, 1017 (Ind.Ct.App.1981), *superceded by statute on other grounds*. The Indiana Court of Appeals has jurisdiction "over appeals of interlocutory orders under Rule 14." App. R. 5(B). An interlocutory order may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B). No such certification and acceptance occurred here. Appellate Rule 14 also states that certain interlocutory orders may be appealed as a matter of right. App. R. 14(A). Appeals from interlocutory orders must be expressly authorized, and that authorization is to be strictly construed. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind.Ct.App.2004), *trans. denied*. Deborah claims that the trial court's order is appealable of right because it orders the payment of money and execution of documents. App. R. 14(A)(1), (2).

With regard to the payment of money, Deborah notes that the order provides that each party shall pay one-half of the parenting time coordinator's reasonable fees and expenses. However, this is not the kind of "payment of money" contemplated by the rule. In *Scroghan*, we noted that a discovery order that would require a party to expend money to comply was not "for the payment of money" within the meaning of the rule permitting an interlocutory appeal as of right. 801

---

**3.** Appellate Rule 14(A) provides that an order for the payment of money or to compel the execution of any document is appealable of right.

N.E.2d at 194. Similarly, Deborah claims that the order's requirement that she sign all release of information forms and otherwise provide all authority necessary for the parenting time coordinator to obtain medical, education, counseling, and treatment information compels the execution of a document. We have held that a discovery order requiring a party to execute a medical release is not appealable as of right. *Rausch v. Finney*, 829 N.E.2d 985, 986 (Ind.Ct.App.2005), *trans. denied.* In general, the matters appealable of right pursuant to Appellate Rule 14(A) are those which carry financial and legal consequences akin to those typically found in final judgments. *State v. Hogan*, 582 N.E.2d 824, 825 (Ind.1991). That is not the case herein.[4]

### Conclusion

The order from which Deborah appeals is neither a final judgment nor an interlocutory order appealable of right. As Deborah has not followed the procedure for taking a discretionary interlocutory appeal, this appeal is dismissed.

Dismissed.

KIRSCH, J., and BARNES, J., concur.

4. Moreover, we note that Deborah does not contest the provisions of the order requiring the payment of money or the execution of documents.