Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**CURT J. ANGERMEIER**
Angermeier Law Office
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF Z.H., | ) | |
| | ) | |
| S.E., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1205-JP-257 |
| | ) | |
| C.H., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Jill R. Marcum, Magistrate
Cause No. 82D01-0406-JP-315

**December 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

S.E. ("Mother") challenges the order of the Vanderburgh Superior Court requiring her, C.H. ("Father"), and their son, Z.H. to participate in treatment, counseling, and therapy at "The Parenting Time Center." Concluding that the trial court's order now being challenged is not a final appealable order, we dismiss for lack of subject matter jurisdiction.

## Facts and Procedural History

Mother and Father had an "on again, off again" relationship over the years, and this relationship produced two children: Z.H., who was born in 2003, and a daughter, K.H., who was born in 2006.[1] For the first few years of Z.H.'s life, Father was actively involved with the child. After K.H. was born, the parties separated, reconciled, and separated again. After this last separation, Father has not seen K.H. and has seen Z.H. only sporadically. On August 23, 2006, Father signed a note indicating that he agreed to "structured" visitation with his children to be supervised by a "friend of the family." Tr. p. 34. The trial court approved this agreement on August 31, 2006.

On January 31, 2008, Father requested an emergency hearing regarding his parenting time, and Father was eventually granted parenting time on Sunday afternoons. On February 7, 2008, the parties agreed that Father was to continue his supervised visitations until Z.H. was comfortable visiting Father alone.

On February 14, 2011, the trial court ordered Ireland Based Home Services to perform an evaluation, at Father's expense, regarding Father's parenting time with Z.H.,

---

[1] Mother also filed an appeal challenging the same trial court order as it relates to K.H. We decide that case today as well in a separate memorandum decision, In re the Paternity of K.H., No. 82A05-1205-JP-222 (Ind. Ct. App. Dec. __, 2012).

but it does not appear that such an evaluation ever took place. A Court Appointed Special Advocate ("CASA") was appointed on May 16, 2011. The CASA was able to speak with Father and his family, but was unable to visit with the children or Mother while the children were home. The CASA was able to speak with Mother on the telephone. Mother did take Z.H. to a therapist, Dr. Aleah McKinney.[2] Dr. McKinney wrote a letter indicating that she did not feel that it was in the best interests of Z.H. that he visit with Father because Z.H. was emotionally uncomfortable with such visits.

The trial court held a parenting time hearing on April 8, 2012, at which both parties appeared with counsel. On April 17, 2012, the trial court entered written findings, determining in part as follows:

> 17. Based upon the evidence presented, it is impossible for the Court to determine whether [Z.H.] has an issue with Father or whether the emotions of Mother, her current husband, and the maternal grandmother have created an issue. There is no evidence that any counseling [Z.H.] engaged in was ever continued long enough to make any progress.
>
> 18. [The CASA] recommended that issues such as visiting with Father be addressed by a therapist and not Mother or her family. [The CASA] also recommended that the Parenting Time Center be utilized to facilitate counseling for both of the children. The parents would be involved as dictated by the Parenting Time Center and in the time frame recommended.
>
> 19. Both [Z.H.] and [K.H.] have emotional issues which need to be addressed. Although several counselors have been recommended, there has never been any follow through with the counselors. Each time the parenting time issue arises, a need for a different counselor develops.
>
> 20. There is no evidence that it is in the best interests of the children that they not know who their Father is or have no contact with him. While it may be difficult for the children to work through these issues, it is important that these issues be addressed. As [Z.H.] knows he has a biological father, it is possible that the knowledge of his biological father, but not being able to see him, could be affecting [Z.H.]. It is certainly

---

[2] At the time of the hearing, Dr. McKinney's last name had changed to Gibson.

possible that the ongoing parenting time issues have led to some of the children's behavioral problems and those issues must be addressed.

21. Based upon the doctor's testimony, it is in the best interests of the children that they participate in counseling and that, when appropriate, either or both parents be involved.

22. The parties are ordered to participate with the children in any and all treatment, counseling, therapy, and/or doctor's appointments as recommended by the Parenting Time Center. *The Parenting Time Center shall co-ordinate and determine when the issue of the children visiting with Father should be addressed with the children.* The Parenting Time Center shall dictate the treatment recommended for each child and the parties are ordered to comply with the recommendations. Furthermore, both parties are required to participate as directed by the Parenting Time Center.

23. Cost of the Parenting Time Center and subsequent counseling/treatment to be paid 60% by the Father and 40% by the Mother after any insurance coverage.

24. Mother and her family are not to discuss with either child the fact that they might have parenting time with Father. At this point in time, it is uncertain as to when that issue might be raised by the Parenting Time Center and it would unduly stress the children.

25. Matter is set for progress December 3, 2012, at 9:00 a.m. and Court retains jurisdiction. CASA may submit a written report in lieu of attending the hearing.

Appellant's App. pp. 4-5 (emphasis added). Mother now appeals.

**Discussion and Decision**

Father has not filed an appellee's brief, and obviously makes no challenge to our jurisdiction over the present appeal. Regardless, because the issue of whether an order is a final judgment governs our subject matter jurisdiction, it can be raised at any time by any party or by the court itself. Bacon v. Bacon, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007); Bohlander v. Bohlander, 875 N.E.2d 299, 301 (Ind. Ct. App. 2007), trans. denied (noting that lack of appellate jurisdiction can be raised at any time, and even if the parties do not question subject matter jurisdiction, we may consider the issue *sua sponte*) (citing

4

Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003)). We therefore address as a threshold issue the question of whether the trial court's order being appealed was a final appealable order.

Pursuant to Indiana Appellate Rule 5(A), this court has jurisdiction in all appeals, not within the jurisdiction of the Indiana Supreme Court, "from Final Judgments of Circuit, Superior, Probate, and County Courts, notwithstanding any law, statute or rule providing for appeal directly to the Supreme Court of Indiana." As defined by Appellate Rule 2(H) as follows:

A judgment is a final judgment if:

(1)     it disposes of all claims as to all parties;
(2)     the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
(3)     it is deemed final under Trial Rule 60(C);
(4)     it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
(5)     it is otherwise deemed final by law.

Here, the trial court's order does not appear to fall within any of these categories. There is no "magic language" in the trial court's order that would satisfy Rule 2(H); this case does not arise out of a grant or denial of relief under Trial Rule 60(B) such as to deem it a final judgment under Trial Rule 60(C); it is not an appeal from a ruling on motion to correct error; nor are we aware of any law that would otherwise deem the trial court's order final. Thus, the only possible way the trial court's order would be appealable as a final judgment is if it were an order that "disposes of all claims as to all

5

parties." App. R. 2(H)(1); see also Georgos, 790 N.E.2d at 451 (noting that a final judgment disposes of all issues as to all parties).

Mother's appeal is premised upon a claim that the trial court's order placed the decision of when and if Father was to receive parenting time wholly in the discretion of The Parenting Time Center. See Appellant's Br. p. 2 (framing the issue on appeal as "[w]as there sufficient evidence to support the trial court ordering counseling and/or parenting time subject only to the discretion of The Parenting Center.").

Our reading of the trial court's order, however, reveals that the order did not dispose of all claims as to all parties. The trial court ordered the parties and the children to participate in counseling and therapy as directed by The Parenting Time Center. Contrary to Mother's current claims, it did not order parenting time at the Center's discretion. Instead, it simply stated that "The Parenting Time Center shall co-ordinate and determine when the *issue* of the children visiting with Father should be addressed with the children." Appellant's App. p. 5 (emphasis added). That is, the trial court left it within the discretion of the Parenting Time Center as to when the issue of visiting Father should be discussed with the children. That is why the trial court's order also ordered Mother not to discuss the possibility of visitations with Father, as it was still "uncertain as to when that issue might be raised by the Parenting Time Center." Id.

Thus, all the trial court's order accomplished was to require the parents and the children to participate in counseling at The Parenting Time Center. The issue of when and if Father was to actually visit with his children remains to be resolved. Because the

6

trial court's order did not dispose of all claims as to all parties, it is not a final appealable order.

We came to a similar decision in <u>Bacon</u>, where the mother appealed an order of the trial court appointing a parenting time coordinator. 877 N.E.2d at 802. There we addressed the issue of the appealability of the trial court's order *sua sponte*, and concluded that the trial court's order was not a final appealable order. <u>Id</u>. at 805. The issue in that case was modification of the father's visitation, and although the trial court's order appointing a parenting time coordinator might "facilitate a decision regarding visitation, it d[id] not dispose of it." <u>Id</u>.

The same is true here. Although ordering the parties to participate in therapy and counseling at The Parenting Time Center will hopefully help prepare the children for visitation with Father, and the trial court's order here does not dispose of the main issue before it—what visitation Father should have with the children. Because the trial court's order that Mother now challenges was not a final judgment, we are without subject matter jurisdiction to hear this appeal.[3]

---

[3] Our conclusion does not leave a party such as Mother without remedy. Mother could have requested that the trial court certify its order for interlocutory appeal. <u>See</u> Ind. Appellate Rule 14(B)(1). If the trial court had so certified its order, Mother could then petition this court to accept interlocutory jurisdiction. <u>See</u> App. R. 14(B)(2). Here, there is no indication that Mother sought such certification by the trial court or that this court accepted interlocutory jurisdiction.

Nor does the trial court's order appear to be an interlocutory order appealable as of right. <u>See</u> App. R. 14(A). Even though the trial court's order requires both parties to pay for their expenses at The Parenting Time Center, this does not mean that the trial court's order was one "for the payment of money," which would make it an interlocutory order appealable as of right under Appellate Rule 14(A)(1), because the court's order did not directly order either party to pay any specific monetary sum. <u>See</u> <u>Huber v. Montgomery Cnty. Sheriff</u>, 940 N.E.2d 1182, 1184 (Ind. Ct. App. 2010) (concluding that trial court's order that plaintiff pay defendant's expenses and attorney fees was not an interlocutory order for the payment of money appealable as of right because there was no certain sum set in the order).

## Conclusion

The order Mother challenges is not a final order, it is not an interlocutory order that was certified for interlocutory, nor is it an interlocutory order appealable as of right. We are therefore without jurisdiction to hear Mother's appeal.[4]

Dismissed.

KIRSCH, J., and CRONE, J., concur.

---

[4] We also note that we have not been provided with a copy of the trial court's order that was signed by the trial court judge. The hearing was held before the trial court magistrate, and the chronological case summary entry that Mother has provided to us on appeal does not contain any indication that this order was approved by the trial court judge. See Ind. Code § 33-23-5-8(2) (providing generally that a magistrate may not enter a final appealable order unless sitting as a judge pro tempore or a special judge). Of course, we have concluded that the order at issue was not a final appealable order; therefore, there was no impediment to the magistrate entering the order, if that is in fact what happened in the present case.