Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Dec 31 2012, 11:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CURT J. ANGERMEIER**
Angermeier Law Office
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE PATERNITY OF K.H., | ) | |
| | ) | |
| S.E., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1205-JP-222 |
| | ) | |
| C.H., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Jill R. Marcum, Magistrate
Cause No. 82D01-0609-JP-481

**December 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

S.E. ("Mother") challenges the order of the Vanderburgh Superior Court requiring her, C.H. ("Father"), and their daughter, K.H. to participate in treatment, counseling, and therapy at "The Parenting Time Center." Concluding that the trial court's order now being challenged is not a final appealable order, we dismiss for lack of subject matter jurisdiction.

**Facts and Procedural History**

The facts of the present case are more fully set forth in the companion to this case, In re the Paternity of Z.H., No. 82A05-1205-JP-257 (Ind. Ct. App. Dec. __, 2012), which we also decide today. Succinctly put, Mother and Father had an "on again, off again" relationship, and had two children: Z.H., who was born in 2003, and a daughter, K.H., who was born in 2006. After K.H. was born, the parties separated, reconciled, and separated again. There was conflict on the issue of Father's visitation with his children, which ultimately led to the trial court appointing a Court Appointed Special Advocate ("CASA") on May 16, 2011. The trial court held a parenting time hearing on April 8, 2012, at which both parties appeared with counsel. On April 17, 2012, the trial court entered written findings and ordered Mother and Father to:

> participate with the children in any and all treatment, counseling, therapy, and/or doctor's appointments as recommended by the Parenting Time Center. *The Parenting Time Center shall co-ordinate and determine when the issue of the children visiting with Father should be addressed with the children.* The Parenting Time Center shall dictate the treatment recommended for each child and the parties are ordered to comply with the recommendations. Furthermore, both parties are required to participate as directed by the Parenting Time Center.

Appellant's App. p. 5 (emphasis added). Mother now appeals.

2

**Discussion and Decision**

The issue of whether an order is a final judgment governs our subject matter jurisdiction, it can be raised at any time by any party or by the court itself. Bacon v. Bacon, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007). For the same reasons set forth in the companion case, In re the Paternity of Z.H., we conclude that the trial court's order was not a final appealable order because it did not dispose of all issues as to all parties. See id., slip op. at 7 ("Although ordering the parties to participate in therapy and counseling at The Parenting Time Center will hopefully help prepare the children for the eventuality of visitation with Father, the trial court's order here does not dispose of the main issue before it—what visitation Father should have with the children.").

**Conclusion**

Because the order Mother currently challenges was not a final appealable order, we are without jurisdiction to hear her appeal.

Dismissed.

KIRSCH, J., and CRONE, J., concur.