## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 08 2016, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Trenna S. Parker
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of J.F. (Minor Child),

And

L.F. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

July 8, 2016

Court of Appeals Case No.
29A02-1508-JC-1306

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1502-JC-196

**Riley, Judge.**

[1]   In a memorandum decision, our court concluded that there was sufficient evidence to support the trial court's adjudication of J.F. (Child) as a Child in Need of Services (CHINS). *In re J.F.*, No. 29A02-1508-JC-1306, 2016 WL 1064602, at *7 (Ind. Ct. App. Mar. 17, 2016). Appellant-Respondent, L.F. (Mother), has filed a petition for rehearing, asserting that this court failed to address the matter of probable cause as raised in her appellate brief. We now grant rehearing for the limited purpose of addressing Mother's claim that the trial court erred in finding that there was probable cause to authorize the filing of a CHINS petition. *See* Ind. Code § 31-34-9-2(2) (requiring a juvenile court to [a]uthorize the filing of a petition if the court finds probable cause to believe that the child is a [CHINS]").

[2]   Although a detailed recitation of the facts is set forth in our original decision, we reiterate that on February 16, 2015, the Indiana Department of Child Services (DCS) recommended the filing of a CHINS petition based on the ongoing domestic violence between Mother and the Child's father; concerns of the parents' alcohol impairment and substance abuse; and concerns of Mother's mental health and its impact on her ability to care for the Child. In addition, Mother had refused to cooperate with DCS' attempt to investigate the allegations raised regarding the Child's welfare. Pursuant to Indiana Code section 31-34-9-2, on February 23, 2015, the trial court conducted a hearing to determine if DCS had presented probable cause to file a CHINS petition. Despite receiving notice and her appearance outside the courtroom prior to the hearing, Mother did not stay for the hearing. The trial court proceeded in her

absence and determined that there was sufficient probable cause to warrant the filing of a CHINS petition. On March 4, 2015, the trial court filed its Order on probable cause. Thereafter, Mother did not seek to appeal the Order.

[3] In accordance with the statutory requirements for CHINS proceedings, the trial court subsequently conducted an initial hearing and, after the Child was removed from Mother's custody, a detention hearing. On April 27, 2015, and May 28, 2015, the trial court conducted a fact-finding hearing, and on June 30, 2015, the trial court adjudicated the Child to be a CHINS. A dispositional hearing was held on July 27, 2015, and on August 15, 2015, the trial court issued a dispositional order, requiring Mother to participate in reunification services. On August 26, 2015, Mother appealed. Despite the fact that the trial court had issued an order adjudicating the Child to be a CHINS, in her appellate brief, Mother challenged the probable cause Order, which was issued more than five months prior to Mother's appeal. In our memorandum decision, we determined that there was a final, appealable order and accordingly addressed the sufficiency of the evidence supporting the CHINS adjudication. Mother now asserts that a rehearing is appropriate because we failed to address the merits of her contention that the trial court erred by finding probable cause to warrant the filing of a CHINS petition in its March 4, 2015 Order.

[4] In its appellate brief, DCS argued that the probable cause Order "is interlocutory in nature, and is not a final appealable order." (Appellee's Br. p. 23). Our court "has jurisdiction in all appeals from final judgments." *Bacon v.*

*Bacon*, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007) (citing Ind. Appellate Rule 5(A)), *trans. denied*. "A final judgment disposes of all issues as to all parties, thereby ending the particular case and leaving nothing for future determination." *Id.* (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "Whether an order is a final judgment governs our subject matter jurisdiction, and it can be raised at any time by any party or by the court itself." *Id.* (citing *Georgos*, 790 N.E.2d at 451).

[5] In a CHINS proceeding, the probable cause finding does not dispose of any claims; rather, it simply permits DCS to proceed with the case by filing a CHINS petition. Even Mother appears to concede that the probable cause Order was a "preliminary order" rather than a final, appealable order. (Reh'g Petition p. 6). As such, Mother had no standing to appeal "unless the order is an appealable interlocutory order." *Bacon*, 877 N.E.2d at 804. "An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy." *Id.* We find that this is precisely what the probable cause Order does. In order to appeal an interlocutory order, the trial court must certify the order, and our court must accept jurisdiction. *Id.* (quoting App. R. 14(B)). No such certification and acceptance occurred in this case.

[6] Accordingly, because the probable cause Order was not a final order and Mother did not seek an interlocutory appeal, her appeal of the probable cause Order was subject to dismissal. *Id.* Nevertheless, we have a strong preference for addressing matters "on their merits when possible." *Kelly v. Levandoski*, 825

N.E.2d 850, 856 (Ind. Ct. App. 2005), *trans. denied*. In the case before us, we were presented with the trial court's CHINS adjudication—a final order based on the fact that the trial court had conducted a dispositional hearing—and a record that enabled us to determine that sufficient evidence existed to support that adjudication. *See In re J.V.*, 875 N.E.2d 395, 399 (Ind. Ct. App. 2007) (finding that "[o]nly after a dispositional hearing has been held is there a final, appealable order because the disposition finally determines the rights of the parties"), *trans. denied*. Therefore, we affirm our prior opinion in all respects.

Najam, J. and May, J. concur