## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2018, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas J. Lantz
Montgomery, Elsner & Pardieck, LLP
Seymour, Indiana

APPELLEE PRO SE

Jacob N. Snowden
Westport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marlena Koerner,

*Appellant-Petitioner,*

v.

Jacob Snowden,

*Appellee-Respondent.*

April 19, 2018

Court of Appeals Case No.
36A01-1711-DR-2641

Appeal from the Jackson Superior Court

The Honorable Bruce A. MacTavish, Judge

Trial Court Cause No.
36D02-1102-DR-44

**Najam, Judge.**

## Statement of the Case

[1]     Marlena Koerner ("Mother") appeals the trial court's denial of her motion to terminate Jacob Snowden's ("Father") parenting time with the parties'

daughter, K.S. ("Child"). Mother presents two issues for our review, but, because we lack subject matter jurisdiction over this appeal, we do not reach its merits. We dismiss.

## Facts and Procedural History

Mother and Father were married and had one child together, K.S. In April 2011, they dissolved their marriage. On September 28, 2017, Mother filed a motion to terminate parenting time, whereby she moved the trial court to "terminate" Father's parenting time with Child due to his "emotional abuse" of Child. Appellant's App. Vol. II at 14. The trial court initially set a hearing on Mother's motion for October 20. However, on October 17, the trial court issued an order vacating the October 20 hearing, denying Mother's motion, and ordering the parties to participate in mediation on the issues of parenting time, contempt, and child support. This appeal ensued.

## Discussion and Decision

As this court explained in *Bacon v. Bacon*, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), *trans. denied*:

> The Indiana Court of Appeals has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). A "final judgment" is one which "disposes of all claims as to all parties. . . ." App. R. 2(H)(1). A final judgment disposes of all issues as to all parties, thereby ending the particular case and leaving nothing for future determination. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). Whether an order is a final judgment governs our subject matter jurisdiction, and it can be raised at any time by any party or by the court itself. *Id.*

[4] Here, the trial court's October 17, 2017, order neither disposes of all claims between the parties nor ends the case. Indeed, the court's order concludes with instructions that the parties "submit to mediation within forty-five (45) days on the issues of parenting time, contempt[,] and child support[.]" Appellant's App. Vol. II at 18. As the trial court's order was not a final judgment,[1] Mother cannot appeal unless the order is an appealable interlocutory order, which it is not. The order is not appealable as of right under Appellate Rule 14(A), and Mother did not seek certification of the order for a discretionary interlocutory appeal under Appellate Rule 14(B).[2] *See* App. R. 14. Accordingly, we do not have subject matter jurisdiction over this appeal.

[5] Dismissed.

Robb, J., and Altice, J, concur.

---

[1] The trial court did not expressly determine that "there is no just reason for delay" or direct the entry of judgment under Trial Rules 54(B) or 56(C). App. R. 2(H).

[2] In her notice of appeal, Mother purports to appeal from a final judgment.