## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James Griffith
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

James Griffith,

*Appellant-Plaintiff,*

v.

Indiana Department of
Corrections,

*Appellee-Defendant.*

February 5, 2019

Court of Appeals Case No.
18A-CT-993

Appeal from the Sullivan Superior
Court

The Honorable Hugh R. Hunt,
Judge

Trial Court Cause No.
77D01-1701-CT-35

**Altice, Judge.**

# Case Summary

[1] State prisoner[1] James F. Griffith filed a complaint against the Indiana Department of Correction (the DOC), as well as Correctional Officer R. Brewer, Sergeant J. Lundy, and Correctional Officer F. Brannick, in their official and individual capacities, alleging that the three officers either stole or negligently lost some of his personal property while he was being temporarily housed in segregation at the Wabash Valley Correctional Facility (WVCF). Griffith filed a motion for summary judgment, and the DOC and the three officers (collectively, the State Defendants) filed a response to Griffith's motion as well as a cross-motion for summary judgment.[2] The trial court denied Griffith's motion for summary judgment and, later, it granted the State Defendants' cross-motion for partial summary judgment. Following the denial of his motion to correct error, Griffith, pro se,[3] appeals and raises two issues relative to the propriety of the trial court's grant of partial summary judgment in favor of the State Defendants. Because we find that the trial court's order on summary judgment was not a final, appealable order, we dismiss Griffith's appeal.

---

[1] Griffith is serving a life sentence for a murder conviction.

[2] Although not captioned as such, and as we discuss later in this decision, we find that the State Defendants' cross-motion is a motion for partial summary judgment, as it sought judgment on Griffith's negligence claim but did not address Griffith's theft claim. Accordingly, in our decision today, we refer to the State Defendants' motion as a cross-motion for partial summary judgment.

[3] At all times discussed in this decision, Griffith was proceeding pro se.

# Facts & Procedural History

[2]     On April 25, 2016, Griffith received a conduct report for threatening another offender, and he was moved to segregation. Because Griffith had items of personal property in his regular cell that, pursuant to DOC policy, he could not take with him to segregation, Correctional Officer Brewer inventoried the items and Sergeant Lundy signed the inventory list as a witness, and they placed the items in storage in a property room. They had no further interaction with Griffith's property. On June 2, 2016, Griffith was released from the segregation unit and returned to the general population. Correctional Officer Brannick inventoried Griffith's personal property on June 6, 2016. By all accounts, some items listed on the April 25, 2016 inventory were not included on the June 6, 2016 inventory. The storage room was searched, but none of Griffith's missing property was found.

[3]     Griffith filed an informal grievance with the DOC, and on July 18, 2016, the DOC issued a response that Griffith failed to list the missing items and further, pursuant to policy, "personal property is non-grievable." *Appellees' Appendix Vol. 2* at 38. On August 5, 2016, Griffith mailed a Notice of Tort Claim to the commissioner of the DOC, the Indiana Attorney General, and the Superintendent of WVCF concerning his claims relating to his missing property. WVCF's tort claim investigator, Teresa Littlejohn, investigated Griffith's Notice of Tort Claim. On December 5, 2016, she issued a Recommendation on Tort Claim finding that, based on the documentation available and the statements she obtained, which included statements from

Sergeant Lundy and Officer Brewer, she was "recommending this claim be paid" because "no one [she] contacted could account for what happened to the property after it was placed in the storage room." *Appellant's Appendix Vol. II* at 28. Griffith did not receive a response from the Attorney General relative to his Notice of Tort Claim in ninety days, and it was deemed denied.[4]

[4] On February 2, 2017, Griffith filed a Civil Tort Action Complaint "concerning the theft or loss of this personal property, valued at $571.65." *Appellees' Appendix Vol. 2* at 2. He alleged that officers Brewer, Lundy, and/or Brannick[5] either stole or failed to exercise due care with regard to the property that was missing from the June 2, 2016 inventory. Griffith alleged that "[t]o the extent that defendants Brewer, Lundy and or [Brannick] did not steal . . . [his] lost property, [the DOC] is liable for defendants Brewer's, Lundy's and/or [Brannick]'s negligence in losing [Griffith]'s property." *Id.* at 4.

[5] On August 16, 2017, Griffith filed a motion for summary judgment and designated evidence. In asserting that there were no material facts in dispute and that he was entitled to judgment as a matter of law, Griffith relied in part on Littlejohn's recommendation that his tort claim be paid and argued that "by

---

[4] *See* Ind. Code § 34-43-3-11 ("Within ninety (90) days of the filing of a claim, the governmental entity shall notify the claimant in writing of its approval or denial of the claim. A claim is denied if the governmental entity fails to approve the claim in its entirety within ninety (90) days, unless the parties have reached a settlement before the expiration of that period.").

[5] In his initial complaint, Griffith identified the officer who inventoried his property on June 2, 2016, as John/Jane Doe because the signature on the inventory was not legible, and, with the court's permission, he later amended the complaint to name Officer Brannick.

the State Defendant[s'] own admission the property was lost/stolen/or destroyed." *Id.* at 26. In support of his motion, Griffith designated evidence of Littlejohn's Recommendation on Tort Claim as well as her email requests to staff about the matter, their responses, and the April 25, 2016 inventory list.

[6] On September 21, 2017, the State Defendants filed a combined motion that included both a response in opposition to Griffith's motion for summary judgment and a cross-motion for partial summary judgment, along with designated evidence. In opposing Griffith's motion, the State Defendants asserted that, although DOC could not account for what happened to the property, a genuine issue of material fact remained as to what caused the property to be missing and whether the loss occurred because the State Defendants breached a duty. In their cross-motion, the State Defendants argued that they were entitled to governmental immunity on Griffith's negligence claims under the law enforcement immunity provision of the Indiana Tort Claims Act (ITCA) because, at the time that the officers inventoried and stored Griffith's property, they were engaged in the enforcement of law and were acting within the scope of their employment. The State Defendants designated evidence, including Griffith's complaint and exhibits and DOC/WVCF Operational Procedures Policy 02-01-101, entitled "Offender Personal Property," that addresses procedure for inventorying and storing an inmate's personal property while he or she is housed in segregation.

[7] The trial court issued an order denying Griffith's motion for summary judgment and giving Griffith thirty days to respond to the State Defendants' cross-motion

for partial summary judgment. On October 23, 2017, Griffith filed a motion to voluntarily dismiss his complaint without prejudice. This motion listed his current address at the New Castle Correctional Facility. On October 30, the trial court denied his motion to dismiss, but gave Griffith an additional thirty days in which to respond to the State Defendants' cross-motion. The trial court's October 30 order was mailed to WVCF, although Griffith no longer was housed there.

[8]     On December 7, 2017, the trial court issued an order granting the State Defendants' cross-motion for partial summary judgment as follows:

> Whereas [Griffith] has failed to file a response together with any supporting affidavits to the [State] Defendants' [Cross-]Motion for Summary Judgment in the time frame allotted by the Court in its order dated October 30, 3017, the Court hereby grants said Motion.

*Appellant's Appendix Vol. II* at 8.

[9]     On January 5, 2018, Griffith filed a motion to correct error and supporting memorandum, asking the trial court to set aside its December 7, 2017 order that granted partial summary judgment in the State Defendants' favor. Griffith argued that (1) he did not receive the trial court's October 30 order granting him thirty additional days to respond because it was incorrectly mailed to WVCF, and (2) he mailed to the trial court his response in opposition to the State Defendants' cross-motion on November 23, 2017, but that if the trial court did not receive it, the prison officials were responsible for any delay in mailing it.

In support of his motion to correct error, he identified three proposed exhibits: (1) his response in opposition to the State Defendants' cross-motion for partial summary judgment, along with exhibits, (2) receipts and remittances related to his mailing of the response, and (3) his own affidavit. Griffith thereafter requested and received permission to file with the trial court his exhibits in support of his motion to correct error, which included his response in opposition to the State Defendants' cross-motion, a supporting memorandum, and designated exhibits, including DOC policies and administrative procedures for offender personal property and for offender disciplinary restrictive status housing, and the two inventory lists.

[10] In his response in opposition to the State Defendants' cross-motion for partial summary judgment, Griffith referred to DOC/WVCF Policy and Procedure 02-04-102, which states, "Personal property not allowed for possession by an offender in a facility disciplinary restrictive status housing unit shall be secured in a second personal property storage box and stored in the disciplinary restrictive status housing unit property room." *Id.* at 83 (emphasis in original); *see also id.* at 113 (page 7 of Policy Number 02-04-102).[6] Griffith argued that it was a "clear breach" of the State Defendants' duty to secure his property while it was in the State Defendants' possession, or, alternatively, that questions of fact remained as to causation precluding summary judgment in the State

---

[6] We note that Griffith's manual pagination of his Appendix does not always match the pagination reflected by the Clerk's office after electronic filing. We will refer to the electronic page numbers.

Defendants' favor. *Id.* at 82. In addition to the above arguments concerning the State Defendants' alleged negligence, Griffith argued that the State Defendants were not immune under the ITCA, asserting that DOC policy required staff to inventory and store Griffith's property, which prison staff did not properly do given that some of his property was missing, and therefore, the State Defendants were not acting within the scope of their employment and were not immune from liability.

On January 25, 2018, after having reviewed Griffith's exhibits to his motion to correct error, i.e., Griffith's response to the State Defendants' cross-motion, as well as his designated evidence, the trial court denied Griffith's motion to correct error. He now appeals.

# Discussion & Decision

Griffith asserts that the trial court erred when it denied his motion to correct error that sought to set aside the trial court's December 7, 2017 order, which provided:

> Whereas [Griffith] has failed to file a response together with any supporting affidavits to the [State] Defendants' [Cross-]Motion for Summary Judgment in the time frame allotted by the Court in its order dated October 30, 2017, the Court hereby grants said Motion.

*Appellant's Appendix Vol. II* at 8. On appeal, the State Defendants properly concede that it is improper for a court to grant summary judgment based on the opposing party's failure to respond, and, thus, it was error for the trial court in

this case to grant summary judgment in favor of the State Defendants on this basis. *See* Ind. Trial Rule 56 ("Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence[.]").

[13] The State Defendants urge that, even though it was error for the trial court to grant their motion based on Griffith's failure to respond, this court nevertheless may affirm a summary judgment on any basis found in the record and that, here, the State Defendants were entitled to summary judgment because they were immune from liability under the ITCA. Specifically, the State Defendants argue that that they are entitled to summary judgment because, even if negligent conduct occurred, they are immune from liability pursuant to Ind. Code § 34-13-3-3(8), commonly referred to as the law enforcement immunity provision of the ITCA. The State Defendants maintain that, at the time of Griffith's loss, the correctional officers were "engaged in the enforcement of a law" while they inventoried and stored Griffith's property, which Griffith was not allowed to possess while he was housed in segregation. Griffith contends that the State Defendants are not immune because, given that it is undisputed that some of his personal property is missing, one or more persons clearly failed to properly secure and store his property and, as such, were not following policy and were not "engaged in the enforcement of a law" as required by I.C. § 34-13-3-3(8).

[14] Based on the record before us, however, we are precluded from reaching the merits of the case. The Indiana Court of Appeals has jurisdiction in all appeals

from final judgments, except those wherein exclusive jurisdiction resides with our Supreme Court. Ind. Appellate Rule 5(A). Whether an order is a final judgment governs our subject matter jurisdiction, and it can be raised at any time by any party or by the court itself. *Bacon v. Bacon*, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), *trans. denied*. Ind. Appellate Rule 2(H) defines final judgments and states in relevant part:

> A judgment is a final judgment if:
>
> (1) it disposes of all claims as to all parties; [or]
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties[.]

[15] To fall under App. R. 2(H)(1), an order must dispose of all issues as to all parties, ending the particular case and leaving nothing for future determination. *Bacon*, 877 N.E.2d at 804. Here, the State Defendants acknowledge that their cross-motion for summary judgment – which the trial court granted, albeit on an improper basis – asserted that they were entitled to judgment on Griffith's *negligence* claims (on the basis that they were protected by immunity under the ITCA), but their cross-motion did not address Griffith's *theft* claims as raised in

his complaint.[7] Consequently, the order did not dispose of all issues as to all parties and was not a final, appealable order under App. R. 2(H)(1). The trial court in this case did not expressly determine there was no just reason for delay and direct entry of judgment as outlined in App. R. 2(H)(2). Accordingly, the order was not final, and Griffith cannot appeal unless the order is an appealable interlocutory order.

[16] An interlocutory order is one made before a final hearing on the merits and requires something to be done or observed but does not determine the entire controversy. *Bacon*, 877 N.E.2d at 804. The Indiana Court of Appeals has jurisdiction "over appeals of interlocutory orders under Rule 14." App. R. 5(B). While certain interlocutory orders may be appealed "as a matter of right," the current order is not one of them. *See* App. R. 14(A) (listing nine types of orders that qualify). An interlocutory order also may be appealed "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B). No such certification and acceptance occurred here.

[17] Because the order from which Griffith appeals is neither a final judgment nor an interlocutory order appealable as of right, and Griffith neither sought nor received permission to file a discretionary interlocutory appeal, we dismiss this

---

[7] The State Defendants concede that their cross-motion "addressed only Griffith's claim for negligence, not the theft claim" and suggest that because "the trial court did not properly address Griffith's allegation of theft, [] that issue should be remanded for further briefing and review." *Appellees' Brief* at 11; *see also id.* at 15 ("Griffith's allegation of theft was not properly addressed by the trial court and should be remanded for further review.").

appeal. *See Radbel v. Radbel v. Midwestern Elec., Inc.*, 550 N.E.2d 340, 341 (Ind. Ct. App. 1990) (dismissing appeal after determining, sua sponte, that trial court's entry of partial summary judgment was not final, appealable order).

[18] Appeal dismissed.

Brown, J. and Tavitas, J., concur.