# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2020, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEES |
| --- | --- |
| Jason D. May | Bryce H. Bennett, Jr. |
| Edward D. Thomas | Laura S. Reed |
| Jason May Law | Jaclyn M. Flint |
| Indianapolis, Indiana | Riley Bennett Egloff LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Cedric Woods,

*Appellant-Plaintiff,*

v.

Fitz Simon, Inc. d/b/a Bar 145, Halo Media, Inc., Adams Radio of Fort Wayne, LLC, John Doe #1 Juan Escarbro, John Doe #2 Phillip Johnson, and John Doe #3 Carlos Flores,

*Appellees-Defendants.*

December 18, 2020

Court of Appeals Case No. 20A-CT-1269

Appeal from the Allen Superior Court

The Honorable Nancy E. Boyer, Judge

Trial Court Cause No. 02D01-1709-CT-531

**Najam, Judge.**

# Statement of the Case

Cedric Woods appeals the trial court's entry of summary judgment in favor of Fitz Simon, Inc. d/b/a Bar 145 ("the Bar") on Woods' complaint alleging, among other claims, that the Bar's negligence caused him personal injuries. Woods presents a single issue for our review, namely, whether the trial court erred when it entered summary judgment in favor of the Bar. However, because we lack jurisdiction over this appeal, we do not reach its merits. We dismiss.

# Facts and Procedural History

Woods attended a party at the Bar to celebrate New Year's Eve during the late hours of December 31, 2016, and the early morning of January 1, 2017. Woods had observed fights break out during the party, and he eventually decided to leave the Bar. As Woods was leaving, he was physically assaulted by an independent contractor who had been hired by the Bar to provide security for the party.

In 2017, Woods filed a complaint, which he amended in 2019. Woods' amended complaint named as defendants the Bar; Halo Media, Inc.; Adams Radio of Fort Wayne, LLC; John Doe #1 Juan Escarbro; John Doe #2 Phillip Johnson; and John Doe #3 Carlos Flores. In January 2020, the Bar moved for summary judgment on each of Woods' claims against it. Following a hearing on that motion, the trial court entered summary judgment in favor of the Bar. This appeal ensued.

# Discussion and Decision

[4] We do not reach the merits of Woods' appeal. As this Court explained in *Bacon v. Bacon*, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007), *trans. denied*:

> The Indiana Court of Appeals has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). A "final judgment" is one which "*disposes of all claims as to all parties*. . . ." App. R. 2(H)(1). A final judgment disposes of all issues as to all parties, thereby ending the particular case and leaving nothing for future determination. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). Whether an order is a final judgment governs our . . . jurisdiction, and it can be raised at any time by any party *or by the court itself*. *Id.*

(Emphases added).

[5] Here, the trial court's order granting summary judgment in favor of the Bar did not dispose of any issues as to the other defendants named in Woods' complaint. And our review of the trial court's chronological case summary reveals that, while the trial court granted a motion to dismiss filed by Adams Radio of Fort Wayne, LLC in July 2019, Woods' claims against the remaining defendants, including Halo Media, Inc., have yet to be resolved. Indeed, the trial court has scheduled a status conference for January 12, 2021. By definition, the order from which Woods appeals was not final because it did not "dispose[] of all claims as to all parties." App. R. 2(H)(1). Further, the trial court's order does not include the "magic language" from Trial Rule 56(C) that would have converted its otherwise non-final order into a final order.

As the trial court's order was not a final judgment, Woods cannot appeal unless the order is an appealable interlocutory order, which it is not. The order is not appealable as of right under Appellate Rule 14(A), and Woods did not seek certification of the order for a discretionary interlocutory appeal under Appellate Rule 14(B).[1] *See* App. R. 14. Accordingly, we do not have jurisdiction over this appeal.

Dismissed without prejudice.

Riley, J., and Crone, J., concur.

---

[1] In his notice of appeal, Woods purports to appeal from a final judgment.